IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **WILLIAM EDWARD BEKING, III,**<br><br>*Plaintiff*,<br><br>v.<br><br>**THE FRESH MARKET, INC.,**<br><br>*Defendant*. | Case No.: 5:20-cv-335 |

## COMPLAINT AND JURY DEMAND

**Now comes** the Plaintiff, William Edward Beking, III ("Beking"), complaining of the Defendant, The Fresh Market, Inc. ("TFM"), and alleges the following to be true:

### INTRODUCTION

1      This action concerns a wrongful termination by the Defendant, who terminated Beking for leave which was inarguably covered by the Family and Medical Leave Act ("FMLA").

2      Each paragraph of this complaint incorporates all others, and each exhibit hereto is incorporated as though fully laid out herein.

### PARTIES, JURISDICTION, AND VENUE

3      Beking is a resident of Columbus County, North Carolina, and is neither a minor nor incompetent.

4       Defendant is a foreign corporation, organized and existing under the laws of the State of Delaware, with a principal office in Greensboro, North Carolina.

5       This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises out of the Family and Medical Leave Act, codified as 29 U.S.C. § 2601 *et seq*.

6       This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    6.1     Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    6.2     N.C. Gen. Stat. § 1-75.4(1)(d), as Defendant was engaged in substantial business activity within North Carolina at the time service of process was made upon it; and/or

    6.3     N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Beking's person or property.

7       Venue is proper in this Court pursuant to any/all of the following:

    7.1     28 U.S.C. § 1391(b)(1), as Defendant is a resident of the Eastern District of North Carolina; and/or

    7.2     28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of North Carolina.

## FACTUAL ALLEGATIONS

8       Defendant operates a chain of grocery stores throughout the Eastern half of the United States, with over 170 stores throughout more than 20 states.

9       Beking worked for Defendant from April 20, 2018 through March 27, 2020. His final position was that of Meat Cutter at Defendant's Fayetteville, NC location.

10      In the twelve months prior to Beking's termination, he worked over 1250 hours.

11      Defendant employs more than 50 employees within a 75-mile radius of Beking's location.

12      Beking had taken no FMLA leave in the twelve months prior to his termination aside from that discussed below.

13      On or about March 19, 2020, Beking developed the flu, which made him unable to perform the essential functions of his job.

14      Beking promptly notified Defendant of his condition and provided a doctor's note stating that he required medical leave from March 19, 2020 through March 24, 2020, and that he would be able to return to work on March 25, 2020.

15      Beking returned to work on March 25, 2020 and worked through March 31, 2020.

16      On March 31, 2020, Defendant told Beking that it doubted the validity of his doctor's note, as Defendant claimed the doctor's note was not on letterhead from Beking's doctor's office. Defendant demanded that Beking provide it with a new doctor's note the same day.

17	Beking visited his doctor and provided Defendant with a doctor's note on the doctor's letterhead that day, again stating that Beking required medical leave from March 19, 2020 through March 24, 2020.

18	On April 2, 2020, Defendant notified Beking that he had been terminated for issues related to attendance.

19	Upon information and belief, Beking had no significant attendance issues prior to his March 19-24, 2020 medical leave.

20	The attendance issue for which Beking was terminated was his March 19-24, 2020 medical leave.

## FIRST CAUSE OF ACTION
### FMLA Interference—29 U.S.C. § 2601 *et seq.*

21	Beking was eligible for FMLA protected leave.

22	Defendant was a covered employer under the FMLA.

23	Beking required medical leave due to his own serious health condition.

24	Beking provided Defendant with notice of his need for FMLA leave as soon as reasonably practicable.

25	Defendant unlawfully interfered with Beking's right to return to work following his FMLA leave.

26	Defendant acted in bad faith and had no reasonable grounds for believing that its actions did not violate the FMLA.

## SECOND CAUSE OF ACTION
## FMLA Retaliation—29 U.S.C. § 2601 *et seq.*

27     Beking was eligible for FMLA protected leave.

28     Defendant was a covered employer under the FMLA.

29     Beking engaged in the protected activity of requesting FMLA leave.

30     Beking suffered the adverse employment action of termination.

31     Defendant's reason for terminating Beking was his engagement in the protected activity of requesting FMLA leave.

32     Defendant acted in bad faith and had no reasonable grounds for believing that its actions did not violate the FMLA.

## JURY TRIAL REQUESTED

33     Plaintiff requests a jury trial on all issues so triable.

WHEREFORE, Plaintiff respectfully requests that the Court:

1     Find in favor of Plaintiff and against Defendant on all causes of action alleged herein;

2     Award Plaintiff with monetary damages, including liquidated damages, in an amount to be proved at trial;

3     Tax the costs of this action against the Defendant and award Plaintiff his reasonable attorney's fees;

4     Grant Plaintiff all available equitable relief; and

5     Grant all such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 24th day of June, 2020.*

/s/ **CRAIG HENSEL**
*Attorney for Plaintiff*
NC State Bar No. 40852
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438 Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2020, I electronically filed the foregoing Complaint and Jury Demand with the Clerk of Court using the CM/ECF system, and upon receipt of the returned summons, will serve the Defendant via the following:

>The Fresh Market, Inc.
>c/o Corporate Creations Network Inc.
>15720 Brixham Hill Ave., Ste. 300
>Charlotte, NC 28277
>*Registered Agent for Defendant*

>/s/ CRAIG HENSEL
>*Attorney for Plaintiff*
>NC State Bar No. 40852
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>craig.hensel@hensellaw.com